IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No.: _____ – Civ

ROSEMARY LEMUS,

       Plaintiff,

v.

JONES LANG LASALLE AMERICAS, INC.,
a foreign profit corporation, STEVEN FROOT,
an individual, and SEAN MCNAMARA, an
individual,

       Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ROSEMARY LEMUS ("Plaintiff" or "Lemus"), by and through the undersigned counsel, files this Complaint against Defendants, JONES LANG LASALLE AMERICAS, INC. ("JLL"), a foreign profit corporation, STEVEN FROOT ("Froot"), an individual, and SEAN MCNAMARA ("McNamara"), an individual, and states as follows:

## PARTIES

1. Plaintiff is an adult individual who, at all relevant times, was a resident of Miami-Dade County, Florida.

2. Defendant JLL is a foreign profit corporation authorized and doing business in this Judicial District.

3. Defendant JLL is an employer as defined by the laws under which this action is brought and employs the required number of employees.

4. Defendants Froot and McNamara are and were, at all material times, individuals with their primary place of residence in Miami-Dade County, Florida.

1

## JURISDICTION AND VENUE

5. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343, and 1367. This action is authorized and instituted pursuant to of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et. seq.*, as amended, pursuant to the Florida Civil Rights Act of 1992 ("FCRA"), Florida Chapter 760, and pursuant to the Florida Private Sector Whistleblower's Act ("FWA"), Florida Statutes §§ 448.101 and 448.102.

6. Venue is proper under 28 U.S.C. § 1391 as the unlawful employment practices alleged herein were committed within the jurisdiction of the United States District Court for the Southern District of Florida.

## ADMINISTRATIVE PROCEEDINGS

7. More than thirty (30) days prior to institution of this lawsuit, Plaintiff filed an administrative Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging that Defendant JLL violated Title VII.

8. On July 31, 2019, the EEOC issued a Notice of Right to Sue Letter.

9. On October 23, 2019, the Parties entered into a Tolling Agreement, thereby extending the deadline for filing of this Complaint for thirty (30) days following the Parties' scheduled mediation conference on November 13, 2019.

10. On December 11, 2019, counsel for Defendants granted an extension to December 20, 2019 for filing of this Complaint.

11. This Complaint was timely filed on or before the agreed-upon deadline.

12. All other conditions precedent to the bringing of this action have occurred, been performed or been waived.

## FACTUAL BACKGROUND

13. At all times relevant, Plaintiff worked for Defendant JLL as a General Manager at a third-party property located at 1221 Brickell Avenue in Miami, Florida ("the Property").

14. Among other things, Plaintiff's responsibilities included selection of vendor contracts.

15. Plaintiff consistently performed her duties at a high level, as recognized by Plaintiff's history of continuous positive reviews from Defendants.

16. At all times relevant, Plaintiff reported directly to Regional Manager Steven Froot.

17. On or before April 8, 2016, Plaintiff accepted a bid proposed by a parking vendor for the Property.

18. On or about April 8, 2016, Defendants' Regional Manager Sean McNamara attempted to coerce Plaintiff into reneging on this acceptance, and to instead accept a competing parking vendor's bid.

19. Upon information and belief, at all times material, McNamara had an ownership stake in the competing parking vendor's business.

20. Plaintiff opposed and refused to participate in McNamara's unethical behavior.

21. On or about April 12, 2016, Plaintiff contacted her direct supervisor, Froot, to express her concerns with McNamara's actions. However, Froot failed to take any action with respect to Plaintiff's concerns.

22. As a result of Froot's inaction, Plaintiff was forced to report her concerns to JLL's Human Resources Manager Teresa Hart ("Hart") and via JLL's ethics hotline.

23. Upon information and belief, neither Hart nor JLL took any action with regard to Plaintiff's concerns.

24. As a result of reporting her concerns, Plaintiff was subjected to ongoing retaliation and hostility from McNamara and Froot.

25. From 2007 through 2015, Plaintiff received an average rating of 3.76 for her year-end review rating, signifying that her performance was consistently strong.

26. In her 2016 year-end review, however, Plaintiff received a rating of 2.5.

27. Despite receiving a rating of 3 or better in each individual category of Plaintiff's year-end review, and a rating of 2.5 therefore being mathematically impossible, Froot manually manipulated Plaintiff's review in a manifest attempt to retaliate against Plaintiff.

28. As a result of this rating, Plaintiff received 50% of her target year-end bonus.

29. On or about April 24, 2017, the Property was sold by its owner to another party.

30. Upon information and belief, Defendants' standard operating procedure in the region following the sale and/or closure of a property was to provide displaced employees with either a new assignment, or, in the alternative, continued compensation while awaiting a new assignment.

31. Defendants, however, failed to provide Plaintiff with either of these options.

32. Upon information and belief, all of JLL's employees at the Property were retained by its new owner. Plaintiff, meanwhile, was replaced by an outside but former JLL employee.

33. Upon information and belief, the employees retained were male and of non-Colombian descent.

34. Upon information and belief, Defendants recommended Plaintiff's replacement for the position at the Property with the new owner.

35. Upon information and belief, Plaintiff's replacement was personally known to Froot and McNamara.

36. As a result, Defendants did not place Plaintiff in another position, and Plaintiff was terminated by JLL.

37. Following her discharge, JLL failed to provide Plaintiff with all outstanding paid time off ("PTO") due to her.

38. Following attempts to recover all PTO due to her, JLL eventually paid only a fraction of the amount owed to Plaintiff and failed to pay all PTO due.

### COUNT I: VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992 – NATIONAL ORIGIN DISCRIMINATION
### (against JLL)

39. Plaintiff re-alleges and incorporates by reference the allegations set forth in Paragraphs 1 through 38 above.

40. At all times hereto, JLL failed to comply with the FCRA which states that it is an unlawful employment practice for an employer to discharge or fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, pregnancy, national origin, age, handicap, or marital status.

41. JLL discriminated against Plaintiff because Plaintiff is of Colombian descent.

42. At all relevant times aforementioned, JLL was aware that Plaintiff is of Colombian descent.

43. The discriminatory act of Plaintiff's termination was on the basis of Plaintiff being of Colombian descent.

44. JLL violated the FCRA by discriminating against Plaintiff because of her national origin in the terms, conditions, and privileges of her employment.

45. As a direct and proximate result of JLL's intentional conduct, Plaintiff has suffered, is now suffering, and will continue to suffer damages including, but not limited to, emotional distress, humiliation, embarrassment, and economic losses.

46. Any alleged nondiscriminatory reason for this treatment of Plaintiff by JLL is a mere pretext for the actual reason for discriminating against Plaintiff due to her national origin.

47. JLL's actions were wanton, willful, malicious, and recklessly indifferent to the rights of Plaintiff.

WHEREFORE, Plaintiff prays judgment against JLL for all damages to which she may be entitled, including without limitation:

- A. Back pay (with interest), including all sums of money Plaintiff would have earned, together with such other increases to which she would be entitled, had she not been discriminatorily discharged;
- B. Front pay;
- C. Compensatory damages, including, but not limited to, damages for emotional pain, suffering, inconvenience, mental anguish, and other non-pecuniary damages;
- D. Punitive damages;
- E. An award of reasonable attorneys' fees, interest and all costs incurred herein; and
- F. Such other damages and further relief as this Court deems just, equitable, and proper.

## COUNT II: VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992 – SEX DISCRIMINATION
### (against JLL)

48. Plaintiff re-alleges and incorporates by reference the allegations set forth in Paragraphs 1 through 38 above.

49. At all times hereto, JLL failed to comply with the FCRA which states that it is an unlawful employment practice for an employer to discharge or fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, pregnancy, national origin, age, handicap, or marital status.

50. JLL discriminated against Plaintiff because Plaintiff is female.

51. At all relevant times aforementioned, JLL was aware that Plaintiff is female.

5

52. The discriminatory act of Plaintiff's termination was on the basis of Plaintiff being female.

53. JLL violated the FCRA by discriminating against Plaintiff because of her sex in the terms, conditions, and privileges of her employment.

54. As a direct and proximate result of JLL's intentional conduct, Plaintiff has suffered, is now suffering, and will continue to suffer damages including, but not limited to, emotional distress, humiliation, embarrassment, and economic losses.

55. Any alleged nondiscriminatory reason for this treatment of Plaintiff by JLL is a mere pretext for the actual reason for discriminating against Plaintiff due to her sex.

56. JLL's actions were wanton, willful, malicious, and recklessly indifferent to the rights of Plaintiff.

WHEREFORE, Plaintiff prays judgment against JLL for all damages to which she may be entitled, including without limitation:

A. Back pay (with interest), including all sums of money Plaintiff would have earned, together with such other increases to which she would be entitled, had she not been discriminatorily discharged;
B. Front pay;
C. Compensatory damages, including, but not limited to, damages for emotional pain, suffering, inconvenience, mental anguish, and other non-pecuniary damages;
D. Punitive damages;
E. An award of reasonable attorneys' fees, interest and all costs incurred herein; and
F. Such other damages and further relief as this Court deems just, equitable, and proper.

## COUNT III: VIOLATION OF TITLE VII – NATIONAL ORIGIN DISCRIMINATION
**(against JLL)**

57. Plaintiff re-alleges and incorporates by reference the allegations set forth in Paragraphs 1 through 38 above.

58. Plaintiff is a member of a protected class under Title VII.

59. JLL discriminated against Plaintiff because Plaintiff is of Colombian descent.

60. At all relevant times aforementioned, Defendants were aware that Plaintiff is of Colombian descent.

61. The discriminatory act of Plaintiff's termination was on the basis of Plaintiff being of Colombian descent.

62. JLL violated Title VII by discriminating against Plaintiff because of her national origin in the terms, conditions, and privileges of her employment.

63. As a direct and proximate result of JLL's intentional conduct, Plaintiff has suffered, is now suffering, and will continue to suffer damages including, but not limited to, emotional distress, humiliation, embarrassment, and economic losses.

64. Any alleged nondiscriminatory reason for this treatment of Plaintiff by JLL is a mere pretext for the actual reason for discriminating against Plaintiff due to her national origin.

65. JLL's actions were wanton, willful, malicious, and recklessly indifferent to the rights of Plaintiff.

WHEREFORE, Plaintiff prays judgment against JLL for all damages to which she may be entitled, including without limitation:

- A. Back pay (with interest), including all sums of money Plaintiff would have earned, together with such other increases to which she would be entitled, had she not been discriminatorily discharged;
- B. Front pay;
- C. Compensatory damages, including, but not limited to, damages for emotional pain, suffering, inconvenience, mental anguish, and other non-pecuniary damages;
- D. Punitive damages;
- E. An award of reasonable attorneys' fees, interest and all costs incurred herein; and
- F. Such other damages and further relief as this Court deems just, equitable, and proper.

### COUNT IV: VIOLATION OF TITLE VII – SEX DISCRIMINATION
### (against JLL)

66. Plaintiff re-alleges and incorporates by reference the allegations set forth in Paragraphs 1 through 38 above.

67. Plaintiff is a member of a protected class under Title VII.

68. JLL discriminated against Plaintiff because Plaintiff is female.

69. At all relevant times aforementioned, JLL was aware that Plaintiff is female.

70. The discriminatory act of Plaintiff's termination was on the basis of Plaintiff being female.

71. JLL violated Title VII by discriminating against Plaintiff because of her sex in the terms, conditions, and privileges of her employment.

72. As a direct and proximate result of JLL's intentional conduct, Plaintiff has suffered, is now suffering, and will continue to suffer damages including, but not limited to, emotional distress, humiliation, embarrassment, and economic losses.

73. Any alleged nondiscriminatory reason for this treatment of Plaintiff by JLL is a mere pretext for the actual reason for discriminating against Plaintiff due to her sex.

74. JLL's actions were wanton, willful, malicious, and recklessly indifferent to the rights of Plaintiff.

WHEREFORE, Plaintiff prays judgment against JLL for all damages to which she may be entitled, including without limitation:

  A. Back pay (with interest), including all sums of money Plaintiff would have earned, together with such other increases to which she would be entitled, had she not been discriminatorily discharged;
  B. Front pay;
  C. Compensatory damages, including, but not limited to, damages for emotional pain, suffering, inconvenience, mental anguish, and other non-pecuniary damages;
  D. Punitive damages;
  E. An award of reasonable attorneys' fees, interest and all costs incurred herein; and
  F. Such other damages and further relief as this Court deems just, equitable, and proper.

## COUNT V: UNPAID WAGES
### (against JLL)

75. Plaintiff re-alleges and incorporates by reference the allegations set forth in Paragraphs 1 through 38 above.

76. JLL's PTO policy provides that all earned PTO is paid to employees at termination.

77. JLL failed to pay Plaintiff all wages due to Plaintiff, including all earned PTO.

78. JLL's failure to pay wages, including PTO earned by Plaintiff during her employment, constitutes a violation of law.

WHEREFORE, Plaintiff prays judgment against JLL for damages in the amount of the unpaid wages owed to Plaintiff and awarding reasonable attorneys' fees and costs pursuant to Section 448.08, Florida Statutes.

### COUNT VI: BREACH OF FIDUCIARY DUTY
**(against McNamara and Froot)**

79. Plaintiff re-alleges and incorporates by reference the allegations set forth in Paragraphs 1 through 38 above.

80. As Plaintiff's superiors, Froot and McNamara invited Plaintiff's utmost trust and confidence as Plaintiff's fiduciary, pursuant to which Froot and McNamara agreed to provide a safe and ethical work environment to their coworkers. Plaintiff accepted this invitation of trust and relied upon Froot and McNamara as her fiduciary.

81. Froot and McNamara abused Plaintiff's utmost trust and confidence by retaliating against her for her reports of and objections to the unethical actions of McNamara.

82. As a direct and proximate result of Froot and McNamara's intentional conduct, Plaintiff has suffered, is now suffering, and will continue to suffer damages including, but not limited to, emotional distress, humiliation, embarrassment, and economic losses.

83. Froot and McNamara's actions were wanton, willful, malicious, and recklessly indifferent to the rights of Plaintiff.

WHEREFORE, Plaintiff prays judgment against Froot and McNamara for all damages to which she may be entitled, including without limitation:

A. Back pay (with interest), including all sums of money Plaintiff would have earned, together with such other increases to which she would be entitled, had she not been discriminatorily discharged;

B. Compensatory damages, including, but not limited to, damages for emotional pain, suffering, inconvenience, mental anguish, and other non-pecuniary damages; and

C. Such other damages and further relief as this Court deems just, equitable, and proper.

## COUNT VII: CONSTRUCTIVE FRAUD
### (against McNamara and Froot)

84. Plaintiff re-alleges and incorporates by reference the allegations set forth in Paragraphs 1 through 38 above.

85. As Plaintiff's superiors, Froot and McNamara invited Plaintiff's utmost trust and confidence as Plaintiff's fiduciary, pursuant to which Froot and McNamara agreed to provide a safe and ethical work environment to their coworkers. Plaintiff accepted this invitation of trust and relied upon Froot and McNamara as her fiduciary.

86. Froot and McNamara abused Plaintiff's utmost trust and confidence by retaliating against her for her reports of and objections to the unethical actions of McNamara.

87. As a direct and proximate result of Froot and McNamara's intentional conduct, Plaintiff has suffered, is now suffering, and will continue to suffer damages including, but not limited to, emotional distress, humiliation, embarrassment, and economic losses.

88. Froot and McNamara's actions were wanton, willful, malicious, and recklessly indifferent to the rights of Plaintiff.

WHEREFORE, Plaintiff prays judgment against Froot and McNamara for all damages to which she may be entitled, including without limitation:

A. Back pay (with interest), including all sums of money Plaintiff would have earned, together with such other increases to which she would be entitled, had she not been discriminatorily discharged;

B. Compensatory damages, including, but not limited to, damages for emotional pain, suffering, inconvenience, mental anguish, and other non-pecuniary damages; and

C. Such other damages and further relief as this Court deems just, equitable, and proper.

## COUNT VIII: VIOLATION OF FLORIDA WHISTLEBLOWER ACT – RETALIATION
### (against JLL)

89. Plaintiff re-alleges and incorporates by reference the allegations set forth in Paragraphs 1 through 38 above.

90. Plaintiff engaged in protected activity as defined by the Florida Whistleblower's Act ("FWA") when she objected to McNamara's actions, as she objected to what she reasonably believed to be a violation of law.

91. JLL retaliated against Plaintiff as a result of engaging in protected activity under the FWA.

92. As a direct and proximate result of JLL's intentional conduct, Plaintiff has suffered, is now suffering, and will continue to suffer damages including, but not limited to, emotional distress, humiliation, embarrassment, and economic losses.

93. JLL's actions were wanton, willful, malicious, and recklessly indifferent to the rights of Plaintiff.

WHEREFORE, Plaintiff prays judgment against JLL for all damages to which she may be entitled, including without limitation:

D. Back pay (with interest), including all sums of money Plaintiff would have earned, together with such other increases to which she would be entitled, had she not been discriminatorily discharged;

E. Front pay;

F. Compensatory damages, including, but not limited to, damages for emotional pain, suffering, inconvenience, mental anguish, and other non-pecuniary damages;

G. An award of reasonable attorneys' fees, interest and all costs incurred herein; and

H. Such other damages and further relief as this Court deems just, equitable, and proper.

## DEMAND FOR A JURY TRIAL

Plaintiff requests a trial by jury on all issues so triable.

DATED this 20th day of December, 2019.

/s/ *Gregory P. Brown*
Gregory P. Brown
Florida Bar No. 0098760
gregory.brown@hwhlaw.com
HILL, WARD & HENDERSON, P.A.
101 East Kennedy Boulevard, Suite 3700
Tampa, Florida   33602
Telephone: (813) 221-3900
Facsimile:  (813) 221-2900
*Attorneys for Plaintiff*